IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | |
|---|---|
| **Olde Mill Company, Inc.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:10cv130 (LMB/TRJ) |
| ) | |
| **Alamo Flag, Inc.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## *REPORT AND RECOMMENDATION*

This action is before the court on plaintiff Olde Mill Company, Inc's ("OMC") Motion for Entry of Default Judgment (docket no. 12).

Upon consideration of plaintiff's motion, the memorandum in support thereof, the affidavits of H. Jay Spiegel, Jane Crawford, and Alex Anderson, and a supplementary brief in support of the statutory damages award, the magistrate judge makes findings as follows, and recommends that default judgment be entered against the defendants Alamo Flag, Inc. ("Alamo"), Alamo Flag of DC, Inc. ("Alamo DC"), and Fawaz Ismail ("Ismail").

### *Jurisdiction and Venue*

This court has jurisdiction under 28 U.S.C. § 1331 and § 1338(a), and 17 U.S.C. § 501. Venue lies pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district. The defendants were served via process server on March 19, 2010 (docket no. 6).

*Procedural History*

Plaintiff filed the complaint in this action on February 16, 2010. Defendants Alamo, Alamo DC and Ismail were served on March 19, 2010 (docket no. 6). The Clerk entered default pursuant to Fed. R. Civ. P. 55(a) against defendants on May 4, 2010 (docket no. 10). Plaintiff filed its Motion for Default Judgment on May 14, 2010 (docket no. 12) and noticed that motion for hearing on June 11, 2010. Defendant Ismail failed to make an appearance at the hearing, arriving instead without counsel at the tail end of the civil docket.

*Findings*

Through their default, defendants are deemed to have admitted as true all of the plaintiff's well-pled allegations of fact which become the grounds for judgment against them. Ryan v. Sovereign Bank, 253 F.3d 778, 780 (4th Cir. 2001).

OMC is a Delaware corporation with its principal place of business in Fredericksburg, Virginia. Pl.'s Compl. ¶ 1. OMC creates, manufactures, advertises, markets and sells a large variety of souvenir-type products, the majority of which display patriotic or political themes. Pl.'s Compl. ¶ 7. Plaintiff sells these products at the "America!" chain of retail establishments as well as on the internet website "www.americastore.com."

The corporate defendants Alamo and Alamo DC are Virginia corporations that have the common corporate address of 6134-R Arlington Boulevard, Falls Church, Virginia 22044. Pl.'s Compl. ¶ 3. Defendant Ismail is a shareholder, officer, and controller of both corporate defendants. Pl.'s Compl. ¶ 4.

Following the election of President Barack Obama, OMC designed a political collage consisting of an original artwork it dubs the "Obama collage," which is made up of an image of President Obama surrounded by a number of bumper stickers, slogans, campaign buttons, and

other items. Pl.'s Compl., Ex. 2. The Obama collage required considerable artistic input and OMC has incorporated it into many products it sells at America! stores and online, including t-shirts and rectangular magnets. Affidavit of Jane Crawford, ¶ 3.

In May 2009 OMC filed with the U.S. Copyright Office an application for federal copyright registration of the Obama collage. With an effective registration date of May 20, 2009, a Certificate of Registration was issued for the collage bearing federal Copyright Registration No. VA-1-697807. Pl.'s Compl., Ex. 1.

The copyright registration notwithstanding, OMC discovered in November 2009 that defendants were selling at their Union Station kiosk and at their Pentagon City stores a rectangular magnet displaying the Obama collage. Affidavit of Jane Crawford, ¶ 5. Whereupon OMC's counsel sent a letter dated December 2, 2009 to defendants demanding that their sale of the Obama collage immediately cease and that a full accounting of all gross sales revenues and profits be provided. Id.

Having received no response from the defendants and at Ms. Crawford's request, on December 18, 2009, a second cease-and-desist letter was sent to defendant Ismail that was virtually identical to the first. Affidavit of Jane Crawford, ¶ 6. However, through the date of the filing of the complaint, defendants continued to market and sell products bearing OMC's copyrighted and registered Obama collage. Affidavit of Jane Crawford, ¶ 8.

In further confirmation of defendants' violation of plaintiff's copyright protections, OMC employee Alex Anderson paid a visit to the Alamo Flag kiosk at Union Station sometime prior to December 2, 2009 where he viewed the Obama collage magnet being sold. Affidavit of Alex Anderson, ¶ 2. Notably, on the evening of November 27, 2009, a man accosted Mr. Anderson and threatened OMC employees with bodily harm if they should ever again visit the Alamo Flag

kiosk.  Affidavit of Alex Anderson,  ¶ 3.  Later, during a meeting with OMC's counsel, defendant Ismail confessed to being the threatening individual. Affidavit of H. Jay Spiegel,  ¶ 7.

OMC's complaint establishes its exclusive right to the Obama collage.  A true copy of the Certificate of Registration issued by the U.S. Copyright Office for the Obama collage artwork, bearing an effective date of May 20, 2009, is attached to the complaint as Exhibit 1. Affidavit of H. Jay Spiegel,  ¶ 2.

OMC's federal registration of the Obama collage work vests it with the exclusive right to reproduce the copyrighted work. 17 U.S.C. § 106(1).  Anyone who violates any of the exclusive rights of the copyright owner set forth in 17 U.S.C. § 106 is an infringer. 17 U.S.C. § 501(a). Because defendants copied wholesale the Obama collage work, they are infringers.

An infringer of copyright is liable for either the copyright owner's actual damages or statutory damages. 17 U.S.C. § 504 (a). In its Memorandum in Support of Default Judgment, plaintiff elects to seek statutory damages pursuant to 17 U.S.C. § 504 (c). In determining the proper amount for an award of statutory damages within the applicable limits set by the Copyright Act, "a Court may consider 'the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind - whether willful, knowing, or merely innocent.'" Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 14.04 [B] at 14-41 (1991).

Given that the defendants failed to comply with the two cease-and-desist letters they received and that defendant Ismail threatened OMC's employee with bodily harm in connection with defendants' infringement, the magistrate judge finds that defendants' infringement was willful under 17 U.S.C. § 504 (c)(2). Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Company, Inc., 74 F.3d 488, 496   (4th Cir. 1996) (remarking that evidence that notice has

been accorded to the defendants before the specific facts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness).

OMC's gross revenues for sales of merchandise incorporating the Obama collage image are $1,273,485. Decl. of Jane Crawford, ¶ 9. In view of those revenues, defendants' willful infringement, and the threat made against plaintiff's owner, the magistrate judge recommends the statutory damage award suggested by plaintiff, namely, $30,000.00, which is the maximum award for non-willful infringement.

Pursuant to 17 U.S.C. § 505, OMC has requested that the court award it attorneys' fees as well as costs. To date, OMC has paid its counsel fees of $6,731.65 for disbursements and services in connection with this suit.

The magistrate judge has examined the record and finds that this amount – $6,731.65 – is reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

### *Recommendation*

For the reasons stated above, the magistrate judge recommends that default judgment under Fed. R. Civ. P. 55(b)(2) be entered against defendants Alamo Flag, Inc, Alamo Flag of DC, Inc., and Fawaz Ismail in an amount equal to $36,731.65.

### *Notice*

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants' addresses used for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation

and waives appellate review of a judgment based on this report and recommendation.


                                                                        /s/
                                            Thomas Rawles Jones, Jr.
                                            United States Magistrate Judge


August 4, 2010
Alexandria, Virginia